IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-00856-RM-KLM

PUMA INVESTMENTS, LLC, a Colorado limited
liability company,

      Plaintiff,

v.

GREAT LAKES REINSURANCE (UK) PLC,

      Defendant.

---

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

---

Defendant Great Lakes Reinsurance (UK) PLC (hereinafter "Great Lakes"), through its undersigned counsel, Wood, Ris & Hames, P.C., hereby answers the Plaintiff's Complaint as follows:

### JURISDICTION AND VENUE

1-2.    Defendant has removed this case to the United States District Court for the District of Colorado and, therefore, the Plaintiff's allegations as to venue and jurisdiction in the state court are moot. Defendant admits this Court has jurisdiction of this case pursuant to 28 U.S.C. § 1332(a) and venue is proper in the United States District Court for the District of Colorado.

### RESPONSE TO PARTIES ALLEGATION

3.    Defendant admits the allegations contained in Paragraph 3 of the Plaintiff's Complaint.

4.     Defendant admits that it issued a policy with the named insured of Commercial Industrial Building Owners Alliance, Inc. ("CIBA") and that the Plaintiff is an associate insured under the policy.  Defendant admits that it is a foreign insurance company based in London. Defendant denies the remaining allegations of Paragraph 4 of the Plaintiff's Complaint.

## RESPONSE TO GENERAL ALLEGATIONS

5.     Defendant admits the allegation contained in Paragraph 5 of the Plaintiff's Complaint.

6.     Defendant admits that it issued a policy to CIBA of which the Plaintiff  became an associate insured for a policy period commencing on March 31, 2013 through March 31, 2014. The policy is a written document and, to the extent the allegations of Paragraph 6 of the Plaintiff's Complaint differ from the written provisions of the contract, they are denied.

7.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 7 of the Plaintiff's Complaint and, therefore, denies the same.

8.     Defendant admits that, through its agents, it was informed of the loss claim by the Plaintiff and an investigation was conducted and, based upon the findings of the investigation that the loss was caused by flooding and was excluded by the policy, the claim was denied.  To the extent that the allegations differ from the written documents referenced in the allegations of Paragraph 8 of the Plaintiff's Complaint, they are denied.

9.     Plaintiff's allegations relate to a written document.  To the extent the allegations contained in Paragraph 9 of the Plaintiff's Complaint differ from the written document, they are denied.

10.     Defendant denies the allegations of Paragraph 10 of the Plaintiff's Complaint.

11.     Defendant was without sufficient information to admit or deny the allegations contained in Paragraph 11 of the Plaintiff's Complaint and, therefore, denies the same.

**RESPONSE TO FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment)**

12.     Defendant hereby incorporates its responses to the prior allegations as set forth above.

13.     The allegations of Paragraph 13 relate to a Colorado state statute. To the extent that the allegations differ from the provisions of the statute, they are denied.

14.     Defendant admits the allegations contained in Paragraph 14 of the Plaintiff's Complaint.

15.     Defendant denies the allegations of Paragraph 15 of the Plaintiff's Complaint.

16.     Defendant denies the allegations of Paragraph 16 of the Plaintiff's Complaint.

**RESPONSE TO SECOND CLAIM FOR RELIEF**
**(Breach of Contract)**

17.     Defendant hereby incorporates its responses to the prior allegations as set forth above.

18.     Defendant admits the allegations contained in Paragraph 18 of the Plaintiff's Complaint.

19-21.  Defendant denies the allegations contained in Paragraphs 19, 20 and 21 of the Plaintiff's Complaint.

**AFFIRMATIVE DEFENSES TO ALL CLAIMS FOR RELIEF**

1.      Plaintiff's Complaint fails to set forth a claim upon which relief can be granted.

2.    Plaintiff's injuries and damages, if any, are the proximate result of the Plaintiff's failure to mitigate damages.

3.    Plaintiff's contractual claims are barred for failure of a condition precedent or a condition subsequent to the performance under the policy.

4.    Plaintiff's injuries and damages, if any, do not fall within the scope of insurance coverage available under the policy at issue in this case.

5.    Plaintiff's damages, if any, are excepted from coverage and recovery is barred by exclusion and the plain language of the policy.

6.    Plaintiff's claims are barred by the insured's failure to comply with the requirements of the policy for coverage.

7.    Plaintiff's recovery herein, if any, should be reduced *pro tanto* by the amount by which Plaintiff has been or will be wholly or partially indemnified or compensated by any other person or entity pursuant to C.R.S. § 13-21-111.6.

8.    Plaintiff may not be the real party in interest to all or some of its claims damages.

9.    Plaintiff has failed to submit evidence of or the reasonable proof in support of those benefits for which it claims right of recovery in this action.

10.    Defendant reserves its right and requests leave of the Court to add, delete or amend its affirmative defenses in this case as investigation and discovery is undertaken.

WHEREFORE, this Defendant prays that the Plaintiff's Complaint will be dismissed with prejudice and the Defendant will be granted its costs and attorney's fees incurred in the defense of this case, and such other and further relief as the Court deems just and proper.

Dated this 26th day of March, 2014.

Respectfully submitted,

By:    /s/ Mark R. Davis
       Mark R. Davis
       Wood, Ris & Hames, P.C.
       1775 Sherman St., #1600
       Denver, CO  80203-4317
       Telephone:  303-863-7700
       Fax Number:  303-830-8772
       E-Mail:  mdavis@wrhlaw.com

       ATTORNEYS FOR DEFENDANT GREAT
       LAKES REINSURANCE (UK) PLC

Address of Defendant:

30 Fenchurch Street
London EC3M 3AJ

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of March, 2014, a true and correct copy of the foregoing DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT was served via ECF upon the following:

*Attorneys for Plaintiff:*

Garry R. Appel, Esq.
Appel, Lucas & Christensen, P.C.
1660 Seventeenth St., #200
Denver, CO  80202
Appelg@appellucas.com

                                          /s/ Julie M. Winchell
                                          [Signature on File:  Julie M. Winchell]